IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

UNITED STATES,

    Plaintiff,

v.                            No. 03-20022 B

HAROLD DEAN WHITAKER,

    Defendant.

---

ORDER DENYING DEFENDANT'S POST-CONVICTION MOTION

---

On July 9, 2003, the Defendant, Harold Dean Whitaker, entered a plea of guilty to one count of conspiracy to manufacture a controlled substance and was sentenced to a period of 62 months incarceration, on which judgment was entered December 11, 2003. Before the Court is the April 19, 2005 letter request, filed by the Defendant on his own behalf, in which he requests an amendment of the judgment to remove the three-point sentencing enhancement for substantial risk to human life attached thereto. Whitaker seeks the amendment so that he might receive in connection with the prison drug treatment program in which he is participating certain benefits available to non-violent offenders.

Although the Defendant does not advise the Court as to the procedural rule under which he moves, the Court notes that post-conviction requests such as that at bar are governed by Rules 34, 35 and 36 of the Federal Rules of Criminal Procedure. The application of each to the Defendant's filing will be considered seriatim.

Rule 34 requires an arrest of judgment by the Court if "the indictment or information does not charge an offense" or "the court does not have jurisdiction of the charged offense." Fed. R. Crim.

P. 34(a). Moreover, Rule 34 motions must be made within seven days of the movant's guilty plea. Fed. R. Crim. P. 34(b). As Whitaker's guilty plea was entered in 2003 and neither of the circumstances set forth in subsection (a) have been raised, Rule 34 is of no benefit to him.

Neither is Rule 35, which provides that "[w]ithin 7 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error," of assistance to the Defendant. See Fed. R. Crim. P. 35(a). As is the case with Rule 34, the time for filing a Rule 35 motion has long passed. Moreover, the Defendant does not maintain that the sentence was the result of any error.

Finally, Rule 36 states that "[a]fter giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36. While the Rule does not contain a deadline for filing motions thereunder, it does not apply here, absent a "clerical error" or an error "arising from oversight or omission."

For the reasons set forth herein, the motion is DENIED.

IT IS SO ORDERED this 26th day of April, 2005.

J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

2

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 141 in case 2:03-CR-20022 was distributed by fax, mail, or direct printing on April 28, 2005 to the parties listed.

---

Thomas A. Colthurst
U.S. ATTORNEY'S OFFICE
167 N. Main St.
Ste. 800
Memphis, TN 38103

Honorable J. Breen
US DISTRICT COURT